## No. 438
### CHURCHILL v. STATE
Ohio Appeals, Ninth Dist., Lorain County

BURKE LAW—(1) No delegation of legislative power—(2) Law uniform in operation—(3) Penalties—(4) Construction of apparent inconsistent statutes—(5) GC. 7246 not in conflict with GC. 7247—(6) No judicial or confiscatory power conferred by act.

WASHBURN, J.

#### Epitomized Opinion

Churchill was convicted for violating the provisions of the Burke law GC. 7246. The statute was passed to regulate the use of highways and to limit the loads carried on truck. The statute limits the weight of the vehicle and the load that may be carried to ten tons, and then provides that the state highway commissioner is charged with the duty of determining, upon the recommendation of the county surveyor or deputy highway commissioner what weight could be carried over the road during most seasons. The law also provides for a penalty for its violation. In the case at bar, the county surveyor and state highway commissioner determined that the maximum weight that could be carried over the road in question during the moist season was 6 2-3 tons. Porper notices were posted, nevertheless the accused transported a heavier load over the highway. As he was found guilty, he prosecuted error to the Court of Appeals. The principal contentions of Churchill were that the Burke act was unconstitutional because it delegates the legislative power, that the law was not uniform in operation, and did not make the carrying of a lesser loan than ten tons an offense. In sustaining the lower court, it was held:

1. The Burke act does not confer legislative power, but administrative power only.

2. As the law applies to every road of the same class in every locality, the law is uniform in operation.

3. The law provides for a penalty for carrying a lesser load than ten tons when notices are posted.

4. As GC. 7247 was passed at a different time from GC. 7246, the two sections are independent of each other and the invalidity of one, if any, does not affect the other.

5. Construing GC. 7247 and 7246 together, they are not inconsistent.

6. The act confers administrative power upon the county surveyor and the highway commissioner and does not confer judicial and confiscatory power upon them.

Attorneys—Sanborn, McConnell & Marsteller, for Churchill; L. H. Webber and G. B. Symons, for State.

## No. 439
### THATCHER v. L. S. ELECTRIC RY. CO.
Ohio Appeals, Ninth Dist., Lorain County
No. 214. Decided April 10, 1923

CHARGE OF COURT—(1) Construction of special charges of court—(2) Technical discrepancies—(3) General charge may be examined to ascertain whether jury was misled by technical inconsistencies.

PER CURIAM.

#### Epitomized Opinion

This was an action for the wrongful death of Dr. F. W. Thatcher. The decedent was killed by one of the defendant's interurban cars at a grade crossing. The evidence disclosed that there was an unobstructed view at the crossing and that there were various signs of warning along the road leading up to the crosing. The evidence was in conflict as to whether the motorman on the interurban car blew his whistle as he approached the crossing, and also in regard to the slowing down of the car before striking the decedent. However, it was admitted that the street car was going fifty to sixty miles per hour at the time of the accident, and that Thatcher drove his machine upon the crossing without slowing down or changing the course of the automobile. Special requests to charge the jury were made by both parties. Some of the requests were granted. The jury returned a verdict for the defendant, and plaintiff then prosecuted error. The principal error complained of was an alleged inconsistency between these special requests or charges. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Special charges must be construed together, and the language used must be given the ordinary meaning and significance, such as the jury would understand from it.

2. Where the ordinary meaning and significance of the language used in special requests show that the jury was not misled by it, no prejudicial error is committed, even though the charge contains technical discrepancies and technical imperfections.

3. While an error in a charge before argument cannot be cured by a correct instruction in the general charge, the general charge may be looked to for the purpose of determining whether the jury could have been misled by the language in the special charge.

Attorneys—Griswold, Green, Palmer & Hadden and L. B. Fauver, and Payer, Winch, Minshall & Karch, for Thatcher; Glitch & Stack and Tolles, Hogsett, Ginn & Morley, for Railway.